# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00565-CV

**Anurithi Madugula, Appellant**

**v.**

**FM 969 Commercial Development, LLC; Rathna Reddy; and Vema Reddy, Appellees**

---

**FROM THE COUNTY COURT OF BASTROP COUNTY,
NO. 24-22415, GREGORY KLAUS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On August 29, 2024, we stayed this appeal to allow appellant Anurithi Madugula, who is acting pro se, to obtain permission from the local administrative judge to file this appeal because appellant has been declared a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054 (stating criteria for finding plaintiff vexatious litigant). We also advised appellant that failure to obtain permission would result in dismissal of this appeal for want of jurisdiction. *See Leonard v. Paxton*, No. 03-19-00771-CV, 2020 Tex. App. LEXIS 3032, at *3–4 (Tex. App.—Austin Apr. 10, 2020, no pet.) (mem. op.); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 Tex. App. LEXIS 8406, at *4–5 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.).

The order declaring appellant a vexatious litigant is from a Travis County district court and prohibits appellant from filing a new lawsuit in its court without permission from the

local administrative judge.[1]  *See* Tex. Civ. Prac. & Rem. Code § 11.101(a) (authorizing court to enter order prohibiting person from filing new litigation in court to which order applies without permission from appropriate local administrative judge if court finds person is vexatious litigant).  Although the order expressly prohibits appellant from filing a new lawsuit only in Travis County district court without permission, "a prefiling order entered by a district court applies to each court in this state."  *Emerson v. Holy Lake Ranch Ass'n*, No. 12-23-00304-CV, 2024 Tex. App. LEXIS 18, at *2–3 (Tex. App.—Tyler Jan. 3, 2024, no pet.) (mem. op.) (explaining that although order prohibited litigant from filing new litigation in particular court, "prefiling order entered by a district court applies to each court in this state" (citing Tex. Civ. Prac. & Rem. Code § 11.101(e))).  Further, when a vexatious litigant is subject to a prefiling order under Section 11.101, a clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, pro se, by the vexatious litigant unless the litigant obtains an order from the appropriate local administrative judge.  *See id.* at *3 (citing Tex. Civ. Prac. & Rem. Code § 11.103(a)).

Appellant has filed an "answer to order for stay of appeal and motion requesting lift of stay of appeal," but appellant has not demonstrated permission from the local administrative judge to file this appeal.[2]  *See* Tex. Civ. Prac. & Rem. Code § 11.103(a).

---

[1]  The order declaring appellant a vexatious litigant is dated November 6, 2020, and refers to appellant as Anurithi Chikkerur.  Appellant does not dispute that she is the person who is subject to the order.

[2]  In the answer to this Court's order, appellant relies on *Serafine v. Crump*, 691 S.W.3d 917 (Tex. 2024), as support that she is not required to obtain permission from the local administrative judge to file this appeal.  In that case, the Texas Supreme Court addressed the meaning of "litigation" in the context of an interlocutory appeal from the trial court's order declaring the pro se petitioner to be a vexatious litigant.  *See id.* at 920; *see also* Tex. Civ. Prac. & Rem. Code §§ 11.001(2) (defining "litigation" to mean "a civil action commenced, maintained, or pending in any state or federal court"), .054(1) (stating criteria for declaring party vexatious litigant,

Accordingly, a prerequisite to filing this appeal was not met, and the appeal should not have been filed. *See id.*; *Johnson*, 2012 Tex. App. LEXIS 8406, at *5 (dismissing appeal for want of jurisdiction because appellant who had been declared vexatious litigant had not requested permission from local administrative judge).

For these reasons, we lift the stay and dismiss this appeal for want of jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed: October 2, 2024

---

including that plaintiff, in seven-year period, "has commenced, prosecuted, or maintained at least five litigations as a pro se litigant"). The question before the court was whether an appeal from a civil action counts as a separate litigation from the underlying action for purposes of determining whether the petitioner was a vexatious litigant, and in that context, the court concluded that "an appeal and a petition for review from a judgment or order in a civil action are part of the same civil action and count as a single 'litigation.'" *Serafine*, 691 S.W.3d at 921–22. In contrast, here, appellant's appeal is not from and does not challenge the order declaring her a vexatious litigant. In this context, under the plain language of Section 11.103(a), permission from the local administrative judge to file this appeal was required. *See* Tex. Civ. Prac. & Rem. Code § 11.103(a) (stating that clerk of court may not file appeal presented pro se "by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing").